BOOTH, JOHN W., Associate Judge.
Miss Troutman was an employee at Walt Disney World beginning June 28, 1978. At all times subsequent to her original hiring, she worked 40 hours per week. She was changed from a casual (temporary) employee to a non-casual (permanent) employee on August 20, 1978. On September 30, 1978, Troutman was involved in a serious automobile collision and sustained injuries. Troutman applied for medical, weekly income, and disability benefits from Prudential but was denied any benefits on the ground that she was not covered by the policy.
Troutman then filed a complaint seeking those benefits that had been denied to her under the group policy issued by Prudential to Walt Disney Productions and Associated Companies, and attached the certificates of insurance of the three coverages as exhibits to the complaint. Prudential filed an answer and affirmative defenses that denied insurance coverage to Troutman under the terms of the group policy and attached a rider marked Exhibit “B” relating to an employment waiting period.
Prudential filed a motion for summary judgment. At the summary judgment hearing, the court accepted, as filed in open court, a rider marked Amended Exhibit “B” to Prudential’s answer and affirmative defenses. The court granted Prudential’s motion for summary judgment and entered a final summary judgment. The point on appeal is whether the trial court erred in deciding that Prudential’s policy did not cover Ruby Jean Troutman with group insurance benefits.
The original Exhibit “B” attached to Prudential’s answer in this civil action is a rider that provided employment waiting periods required to be met by Walt Disney World employees before they would become covered under the group policy.
That employment waiting period read as follows:
EMPLOYMENT WAITING PERIOD: The following period of continuous service on a full time basis with the employer — full-time employees in the eligible classes on the policy date: See below: Other employees: See below:
Employees not on a Casual Payroll:
Exempt Salaried Employees — None
All Other Employees — The period extending from the Employee’s date of hire or transferred to Regular Payroll to the earliest of January 1, April 1, July 1, or October 1, next following the month of continuous service.
Full-time Employees on Casual Payroll: The period extending from the Employee’s date of hire or transfer to Regular payroll to the earliest of January 1, April 1, July 1, or October 1, next following two hundred straight-time days of work during twelve consecutive months, providing the Employee was employed one or more days during the six consecutive months prior to said twelve consecutive months.
*315 Amended Exhibit “B” to Prudential’s answer is a rider that further amended the employment waiting period under the group policy. It read as follows:
1. Each insurance form listed below is attached to this Amendment and forms part of the Group Policy as of such insurance form’s effective date:
GRP 31300 Gen M-lOl(l-lO) effective May 1, 1978.
2. Effective May 1, 1978, the employment waiting period shall be the following period of continuous service on a full-time basis with the employer.
Exempt Salaried Employees — None
All other employees — The period extending from the date of the Employees employment with the Employer to the first day of the month coinciding with or next following one month of continuous service on a full-time basis with the Employer.
This provision shall not apply to Employees in the eligible classes on the day prior to the effective date of this provision except to the extent provided in the subsection “Employment Waiting Period Changes” added to the Eligibility section of the Insurance Plan Provisions of the Group Policy by the “MODIFICATIONS OF ‘ELIGIBILITY’ SECTION.”
3. At the expiration of April 30, 1978, the following insurance forms of the Group Policy shall terminate:
GRP 31300 Gen M-101 effective August 1, 1975.
Troutman contends that she was covered under the terms of the second rider because she was working full-time from June 28, 1978 and, therefore, under the language of that rider, she would have been covered as of August 1, 1978.
Prudential contends that Troutman was not a full-time employee until she was made a permanent employee on August 20, 1978. Therefore, she would not have been covered until October 1, 1978.
The initial rider distinguished between non-casual (permanent) and casual (temporary) employees as to waiting periods. However, both types of employees were added to the coverage on a quarterly basis. The rider submitted at the hearing no longer differentiated between non-casual (permanent) and casual (temporary) employees. It only referred to employees working on a “full-time basis.” It also changed the coverage system from a quarterly to a monthly system.
While it may be that the second rider was only intended to modify the coverage of the non-exempt permanent employees, there was nothing on the rider so limiting it. As it was written, Troutman was covered under the rider identified as Amended Exhibit “B.” The Final Summary Judgment is reversed and the case is remanded to the trial court to proceed in a manner consistent with this opinion. Troutman’s motion before this Court for attorney’s fees is also remanded to the trial court for the assessment of attorney’s fees incurred by the appellant in this appeal in the event that judgment is rendered by the trial court against the insurer as provided by Section 627.428, Florida Statutes.
REVERSED and REMANDED.
DAUKSCH, C. J., and COBB, J., concur.